# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| MIKE DUNN, MARK NEWSOM, MICHAEL NEWSOM, SEAN MCPHERSON, and MARY MCPHERSON, <br><br> *Plaintiffs,* <br><br> v. <br><br> POLARIS INDUSTRIES INC., POLARIS INC., GLOVER ENTERPRISES, LLC, and JOHN R. GLOVER, <br><br> *Defendants*. | §§§§§§§§§§§§§§§ | No. 6:25-CV-00246-LS |

## ORDER GRANTING MOTION TO REMAND

Plaintiffs sued Defendants in Texas state court for wrongful death and personal injuries caused by an accident involving a utility terrain vehicle ("UTV"), manufactured by defendants Polaris Industries, Inc., and Polaris Inc. ("Polaris Defendants"), and sold to Plaintiffs by defendants Glover Enterprises, LLC and John R. Glover ("Glover Defendants").[1] The Polaris Defendants removed the case to federal court, asserting diversity jurisdiction under 28 U.S.C. § 1332 based on an argument that the nondiverse Glover Defendants were improperly joined.[2] The Court grants Plaintiffs' motion to remand to state court.[3]

---

[1] ECF No. 1-3 at 2–31.

[2] ECF No. 1 at 3.

[3] ECF No. 7.

**The Law.**

A defendant or defendants may remove a civil action from state court to federal court based on diversity subject matter jurisdiction.[4] The defendant must file its notice of removal within thirty days of "the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting the claim for relief upon which such action or proceeding is based."[5] However, if the case is initially not removable, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[6] If a defendant relies on "other paper" for removal, such other paper "requires a *voluntary act by the plaintiff*."[7] A case that is initially non-removable cannot become removable based on "evidence of the defendant."[8]

A case may become removable when "a claim against a nondiverse or in-state defendant is dismissed on account of fraudulent joinder."[9] A party is fraudulently joined if there is "actual fraud in the pleading of jurisdictional facts" or the plaintiff is unable "to establish a cause of action against the non-diverse party in state court."[10] A party asserting fraudulent joinder bears a heavy burden.[11] The test is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[12] A court conducting this analysis may conduct a Rule 12(b)(6)-type

---

[4] 28 U.S.C. § 1441(b).

[5] *Id.* § 1446(b)(1).

[6] *Id.* § 1446(b)(3).

[7] *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) (emphasis in original).

[8] *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 254 (5th Cir. 1961) (quoting *Great N. Ry Co. v. Alexander*, 246 U.S. 276, 281 (1918)).

[9] *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006).

[10] *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).

[11] *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A Dec. 1981).

[12] *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

analysis.[13] A removed case must be remanded if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[14]

**Analysis.**

There has never been complete diversity in this case because Plaintiffs and the Glover Defendants are Texas citizens. The Polaris Defendants removed on an improper joinder theory and argue that Mr. Glover's discovery responses establish that Plaintiffs have no likelihood of obtaining relief against the non-diverse Glover Defendants.[15]

Plaintiffs' Texas state court petition was the live pleading when this case was removed. After a hearing on this motion on September 26, 2025, Plaintiffs filed a federal court complaint[16] and an amended complaint,[17] which now enables the Court to conduct the requisite Rule 12(b)(6)-type analysis to determine whether the Glover Defendants are improperly joined.

Plaintiffs' first claim against the Glover Defendants arises under Texas Civil Practice and Remedies Code § 82.003(a)(5),[18] which provides that a nonmanufacturing seller can be liable for a defective produce only if:

> (A) the seller made an express factual representation about an aspect of the product;
> (B) the representation was incorrect; (C) the claimant relied on the representation
> in obtaining or using the product; and (D) if the aspect of the product had been as
> represented, the claimant would not have been harmed by the product or would not
> have suffered the same degree of harm.

Plaintiffs allege that Mr. Glover expressly represented that the UTV in question "was in excellent condition and would be 'ideal for the ranch.'"[19] But "[c]ourts interpreting Section

---

[13] *Id.*
[14] 28 U.S.C. § 1447(c).
[15] ECF No. 1 at 3.
[16] ECF No. 13.
[17] ECF No. 14.
[18] *Id.* at 20.
[19] *Id.* at 24.

82.003(a)(5) have declined to apply that exception when the seller's representation was simply a general positive statement about the product."[20] Such generic positive statements include representations that a product "worked as new" and would be a "reasonable choice" for household use,[21] and that a product was a "good truck."[22] Mr. Glover's alleged statements about the UTV's "excellent condition" and being "ideal for the ranch" are similarly just generic positive statements. Moreover, § 82.003(a)(5)(A) mandates that the "express factual representation" at issue be about "an aspect of the product," and Plaintiffs do not allege that Mr. Glover made any such representations. Without more, recovery on Plaintiffs' § 82.003(a)(5) claim appears unlikely, at least at the pleadings stage, militating in favor of a finding that the Glover Defendants are improperly joined.

However, Plaintiffs also assert a claim against the Glover Defendants under Texas Civil Practice and Remedies Code § 82.003(a)(6),[23] which provides for a nonmanufacturing seller's liability if "the seller actually knew of a defect to the product at the time the seller supplied the product" and "the claimant's harm resulted from the defect." Plaintiffs allege that Mr. Glover, who is a certified Polaris master technician, is "intimately familiar" with the Polaris line of UTV products and was aware that Polaris UTVs had problems with unintended acceleration[24] —which is alleged to be one of the causes of the death and injuries in this lawsuit. Plaintiffs allege that, in 2020, the dealership that Mr. Glover worked for sold a 2020 Polaris Ranger XP UTV to another customer, Christopher Pruitt.[25] Within a year of that sale Mr. Pruitt received a recall notice from

---

[20] *Howard v. Lowe's Home Ctrs., LLC*, 306 F. Supp. 3d 951, 958 (W.D. Tex. 2018) (listing cases).
[21] *Id.* at 959.
[22] *Gill v. Michelin N. Am., Inc.*, 3 F. Supp. 3d 579, 585 (W.D. Tex. 2013).
[23] ECF No. 14 at 25.
[24] *Id.* at 21.
[25] *Id.*

Polaris about a defect in the throttle system that could cause unintended acceleration.[26] Mr. Pruitt contacted Mr. Glover about the recall, ostensibly putting Mr. Glover on notice about this defect in Polaris UTVs.[27] Plaintiffs allege that Glover Enterprises, LLC, of which Mr. Glover is the owner and operator, and with knowledge that Polaris UTVs have defects that cause unintended acceleration, thereafter sold the UTV at issue to plaintiff Mike Dunn and decedent Shirley Dunn.[28] Plaintiffs also allege that the subject UTV's defect caused the unintended acceleration and resulting crash that killed Ms. Dunn and injured Mr. Dunn and Mr. McPherson.[29]

In § 82.003(a)(6) cases, actual knowledge can be established with evidence showing "recall notices about a defect, customer complaints relating to the defect, safety testing reports, and internal communications showing a seller's employees knew of a problem at the time of sale."[30] And statements that a defendant "'knew' or had 'full knowledge' of the alleged defect at the time of the sale is sufficient when viewed in a light most favorable to the plaintiff."[31] Accordingly, the Court cannot conclude that there is no possibility that Plaintiffs will recover on their § 82.003(a)(6) claim against the Glover Defendants. The Glover Defendants, then, are not improperly joined and are viable non-diverse defendants. As the parties are not completely diverse, this Court has no subject matter jurisdiction and will remand to state court.

---

[26] *Id.* at 22–23.

[27] *Id.* at 23.

[28] *Id.* at 5.

[29] *Id.* at 19–20.

[30] *Ray v. FCA US LLC*, No. 2:17-CV-86, 2017 WL 3033425, at *5 (S.D. Tex. July 18, 2017).

[31] *Reynolds v. Ford Motor Co.*, No. Civ.A.5:04CV085–C, 2004 WL 2870079, at *3 (N.D. Tex. Dec. 13, 2004); *see also Sanders v. Husqvarna, Inc.*, No. 3–12–258, 2012 WL 5210682, at *2 (S.D. Tex. Oct. 22, 2012) (concluding that an allegation that the defendant knew or should have known that the product was defective was sufficient to allege actual knowledge under § 82.003(a)(6)).

**Conclusion.**

Plaintiffs' motion to remand to state court [ECF No. 7] is **GRANTED**. The case is immediately remanded to the 278th Judicial District Court of Leon County, Texas where it is Cause No. 24-145-DCCV-00102. All pending motions are **DENIED AS MOOT** and the Clerk shall **CLOSE THIS CASE**.

**SO ORDERED**.

**SIGNED** and **ENTERED** on February 27, 2026.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**